UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS PETERSON,

                          Plaintiff,

v.                                                          9:09-CV-1056
                                                            (GTS/DEP)
CLINTON CORRECTIONAL FACILITY; and
J. CECOT, Correctional Officer,

                          Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

CARLOS PETERSON, 08-B-3052
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

HON. ANDREW M. CUOMO                         MEGAN M. BROWN, ESQ.
New York State Attorney General              Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Carlos Peterson ("Plaintiff")

is a letter from Plaintiff, which the Court will liberally construe as Plaintiff's motion for injunctive

relief. (Dkt. No. 34.) For the reasons set forth below, Plaintiff's motion is denied.

## I.    RELEVANT BACKGROUND

Plaintiff commenced this action on September 16, 2009. (Dkt. No. 1.) After the initial review

of his Complaint was conducted in accordance with 28 U.S.C. §§ 1915 and 1915A, Plaintiff was

directed to submit an Amended Complaint, and subsequently a Second Amended Complaint. (Dkt.

Nos. 6, 13.) Plaintiff's Second Amended Complaint is now the operative pleading. (Dkt. No. 15.)

Generally, construed with the utmost of special leniency, Plaintiff's Second Amended Complaint, dated March 17, 2010, alleges that, at some point in time, Correctional Officer J. Cecot ("Defendant Cecot") subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment by wrongfully "apprehend[ing]" his asthma inhaler at Clinton C.F.  (*Id.* at 1.)  Plaintiff further alleges that, without his inhaler, he faces "excessive risk of future harm to his lung" and that he "now suffer[s] everyday" that he does not have the inhaler.  (*Id.* at 2.)  As relief for his injuries, Plaintiff demands five million dollars, and unspecified "injunctive relief."  (*Id.*)

In his motion for injunctive relief, submitted between September 17 and 27, 2010, Plaintiff argues that correctional officers at Clinton Correctional Facility ("Clinton C.F.") are guilty of "misconduct" in that (1) he has "been sexually assaulted by staff" and (2) correctional officers "are allowing other Inmates to attack [Plaintiff] in various ways because of the law suite [*sic*] I have against corr. officer."  (*Id.* at 1.)  Plaintiff argues that his "life is in very danger," and states that he "need[s] help from high officials A.S.A.P."  (*Id.*)

## II.    LEGAL STANDARD GOVERNING MOTION FOR PRELIMINARY INJUNCTION

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *See D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'"  *Candelaria v. Baker*, 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 [8th Cir. 1994] [per

curiam]).  The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, 06-CV-403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* 07-CV-1285, 2007 WL 3102181, at *5 [D. Conn. Oct. 19, 2007]).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'"  *Perri*, 2008 WL 2944642, at *2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 [2d Cir. 2003]); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." [internal quotation omitted]).  Speculative, remote or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, 07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. July 3, 2008) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").  In addition,

> [t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.").

*Candelaria*, 2006 WL 618576, at *3.

## III.    ANALYSIS

Plaintiff's arguments that he is being sexually assaulted by staff and attacked by other inmates while at Clinton C.F. do not relate to the claims in his Second Amended Complaint that his asthma inhaler was taken away from him by Clinton Correctional Officer Cecot.  (*Compare* Dkt. No. 15 *with* Dkt. No. 34.)  Therefore, the Court can, and does, deny Plaintiff's request for injunctive relief on this basis alone.

In any event, even if Plaintiff could establish that his request for injunctive relief is related to the claims in the underlying action and that he will suffer irreparable harm unless he receives the relief that he requests, the Court would still deny his motion.  A party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992).  Here, Plaintiff has failed to submit proof or evidence, which meets this standard.  Rather, Plaintiff has submitted only his own letter containing his request for injunctive relief and the reasons he believes his request should be granted.  Simply put, Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for injunctive relief (Dkt. No. 34) is **DENIED**.

Dated: December 14, 2010
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge