UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS PETERSON,

                      Plaintiff,

v.                                                                  9:09-CV-1056
                                                                   (GTS/DEP)

J. CECOT, Correctional Officer,

                      Defendant.
_____

APPEARANCES:                                                 OF COUNSEL:

CARLOS PETERSON, 08-B-3052
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN                      MEGAN M. BROWN, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Carlos Peterson ("Plaintiff") are the following: (1) a motion to dismiss Plaintiff's Second Amended Complaint filed by Clinton Correctional Facility Officer J. Cecot ("Defendant") (Dkt. No. 36);[1] (2) United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that Defendants' motion to dismiss Plaintiff's Second Amended Complaint be granted, with leave

---

[1] The referenced motion to dismiss was filed also by Clinton Correctional Facility. However, as discussed below, the Court previously *sua sponte* dismissed Clinton Correctional Facility from this action. (Dkt. No. 6.) As a result, the Court need not, and does not, address that portion of the motion to dismiss that was filed on behalf of Clinton Correctional Facility.

to Plaintiff to file a Third Amended Complaint within thirty (30) days of entry of an Order adopting the recommendation (Dkt. No. 41); and (3) Plaintiff's Third Amended Complaint (Dkt. No. 43). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Second Amended Complaint is dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); Plaintiff's Third Amended Complaint is struck from the docket; and Plaintiff is afforded leave to file a Third Amended Complaint within thirty (30) days of the date of this Decision and Order.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Pleadings and Relevant Procedural History

Plaintiff filed his Complaint on September 16, 2009. (Dkt. No. 1.) On November 12, 2009, this Court issued a Decision and Order that did the following: (1) denied Plaintiff's motion to proceed *in forma pauperis* without prejudice; (2) denied Plaintiff's motion for appointment of counsel without prejudice; (3) *sua sponte* dismissed Plaintiff's claims for money damages against Clinton Correctional Facility pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and (4) ordered that the remainder of Plaintiff's Complaint be *sua sponte* dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 8 U.S.C. § 1915A(b) unless, within thirty (30) days of the date of the Decision and Order, Plaintiff (a) filed an Amended Complaint that cured the pleading defects identified in the Decision and Order, and either paid the Court's filing fee of three hundred fifty dollars ($350) or submitted a completed *in forma pauperis* application and a signed authorization form. (Dkt. No. 6.)

On November 20, 2009, Plaintiff filed an Amended Complaint. (Dkt. No. 7.) On March 15, 2010, this Court issued a Decision and Order striking the Amended Complaint from the Court's docket, and denying, without prejudice, Plaintiff's second motion to proceed *in forma pauperis*. In doing so, the Court ordered that, in the event that Plaintiff wished to proceed with

2

his action, he file, within thirty (30) days, a signed Second Amended Complaint that complied with the pleading requirements identified in the Decision and Order and the November Order. The Court further ordered that, in the event Plaintiff wished to proceed with his action *in forma pauperis*, he either pay the $350.00 filing fee in full, or provide the Clerk with a signed authorization form directing payment of the full filing fee to the Northern District of New York, within thirty days.

On March 22, 2010, Plaintiff filed a Second Amended Complaint. (Dkt. No. 15.) Construed with the utmost of liberality, Plaintiff's Second Amended Complaint alleges that, while he was incarcerated at Clinton Correctional Facility in Dannemora, New York ("Clinton C.F."), Defendant Cecot violated his constitutional rights by confiscating his asthma inhaler, in deliberate indifference to his serious medical needs. (*See generally,* Dkt. No. 15 [Plf.'s Sec. Am. Compl.].)

For a more detailed recitation of the factual allegations in Plaintiff's Second Amended Complaint, the Court refers the reader to the Second Amended Complaint in its entirety, and to Magistrate Judge Peebles' Report-Recommendation. (Dkt. Nos. 15, 41.)

    **B.**    **Defendant Cecot's Motion to Dismiss**

On September 29, 2010, Defendant Cecot filed a motion. (Dkt. No. 36.) In his motion, Defendant Cecot argues that Plaintiff's Eighth Amendment medical indifference claim against him should be dismissed because (1) Plaintiff has failed to allege facts plausibly suggesting that Defendant Cecot was deliberately indifferent to Plaintiff's serious medical needs, and (2) Defendant Cecot is entitled to qualified immunity. (*Id.*)

    **C.**    **Magistrate Judge Peebles's Report-Recommendation**

On March 8, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendant's motion to dismiss be granted and Plaintiff's Eighth Amendment

3

medical indifference claim be dismissed, but that Plaintiff be afforded leave to file a Third Amended Complaint. (Dkt. No. 41.) In support of his recommendation, Magistrate Judge Peebles found that Plaintiff's "brief" Complaint (1) "disclose[s] scant details regarding his asthma condition and its resulting symptoms," (2) alleges only in conclusory fashion that the confiscation of his inhaler subjects him to a risk of future harm (i.e., that he has a serious medical need), and (3) does not plausibly suggest that Defendant was aware of his medical condition, let alone that the confiscation was done with deliberate indifference to that medical condition. (*Id.*)

### D. Plaintiff's Third Amended Complaint

On April 6, 2011, without having obtained prior leave to do so as required by Fed. R. Civ. P. 15(a)(2),[2] Plaintiff filed a Third Amended Complaint. (Dkt. No. 43.) In his Third Amended Complaint, Plaintiff alleges as follows: (1) asthma is considered a serious medical problem which requires daily monitoring and carries a substantial health risk if not properly treated, (2) his asthma condition requires him to use an asthma pump and medication every four hours, (3) Defendant confiscated his asthma pump on September 10, 2009, (4) his asthma pump has not been replaced, and (5) as a result, he "wheezies [sic] daily" and is at risk for more serious harm. (*Id.*)

On July 7, 2011, Plaintiff filed a document, which he deems a "new Complaint." (Dkt. No. 46.) In this document, Plaintiff states that he "would like to do an add on to the original complaint" and assert additional claims against corrections officers. (*Id.*) More specifically, Plaintiff states that, on April 23, 2011, he was assaulted by "a group of [unidentified]

---

[2] *See also* N.D.N.Y. L.R. 7.1(a)(4).

correctional officers," presumably in retaliation for his filing this action, and that he was subsequently "denied medical assistance several times." (*Id*.)

On July 20, 2011, Plaintiff filed another document, which he states is "newly discovered evidents [sic] that can verify the wrongdoing." (Dkt. No. 47.) More specifically, Plaintiff states that he was issued an "unexpected contraband receipt" on July 16, 2001, and that "sometime around [July 7, 2011,] "while [he] was in the unit do [sic] to the rib fracture and body pain[, he] lost air breathing one night and had a slightly asthmatic breathing disorder attack." (*Id*.) Plaintiff further states that he "was given a new asthma pump two weeks later." (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

---

    [3]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

*aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**    **Standard Governing Review of Motion to Dismiss**

Magistrate Judge Peebles correctly recited the legal standard governing motions to dismiss for failure to state a claim upon which relief can be granted.  (Dkt. No. 41.)  As a result, this standard is incorporated by reference in this Decision and Order.

**III.    ANALYSIS**

      **A.**    **Plaintiff's Second Amended Complaint**

As an initial matter, Plaintiff has not filed Objections to the Report-Recommendation, and the time in which to do so has expired.  As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation for only clear error.  After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise.  Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted in its entirety.  The Court would add only that Magistrate Judge Peebles's Report-Recommendation would survive even a *de novo* review.

---

[4]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### B.   Plaintiff's Third Amended Complaint

As an initial matter, the Court finds that Plaintiff's Third Amended Complaint was filed in violation of Fed. R. Civ. P. 15(a)(2),[5] in that a Second Amended Complaint had already been filed, Plaintiff failed to file a motion for leave to file a Third Amended Complaint, and the recommendation by Magistrate Judge Peebles that Plaintiff be given leave to file a Third Amended Complaint was expressly conditioned on this Court adopting the Report-Recommendation.  Moreover, permitting Plaintiff to change the landscape of his twice-amended claims after Magistrate Judge Peebles has already analyzed them would be a grossly inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act.[6]  Furthermore, even if it were to analyze the pleading sufficiency of Plaintiff's Third Amended Complaint, it would conclude that that pleading fails to state a claim upon which relief can be granted: as does his Second Amended Complaint, Plaintiff's Third Amendment Complaint fails to allege facts plausibly suggesting that Defendant Cecot was aware, at the time of confiscation of Plaintiff's inhaler, that Plaintiff had a serious medical need for the inhaler, let alone that Defendant Cecot was deliberately indifferent to that medical need.  Finally, and perhaps most importantly, since filing his Third Amended Complaint, Plaintiff has filed two additional documents, which provide additional allegations and claims beyond those asserted in the Third Amended Complaint.  <u>For all of these reasons, the Court directs the Clerk of the Court to strike from the docket Plaintiff's Third Amended Complaint</u>.

---

[5]   *See also* N.D.N.Y. L.R. 7.1(a)(4).

[6]   *Cf. Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

### C. Nature of Dismissal

The Second Circuit has made clear that, when a plaintiff is proceeding *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Here, although Plaintiff has already twice been afforded an opportunity to amend, it appears to the Court that, even though Plaintiff has not currently alleged facts plausibly suggesting a medical indifference claim in his Second Amended Complaint, a liberal reading of that Complaint gives the Court some indication that a valid claim may be stated. For example, Plaintiff has alleged that Defendant Cecot confiscated his inhaler, and that he was prescribed the inhaler to treat his asthma condition. In addition, in his proposed Third Amended Complaint Plaintiff alleges that he "wheezies [sic] daily," and in one of the documents filed after his proposed Third Amended Complaint, Plaintiff states that he suffered "a slightly asthmatic breathing disorder attack." As a result, it appears possible that a valid claim may be stated.

In addition, the statements in the two documents submitted by Plaintiff after the filing of his proposed Third Amended Complaint give some indication that additional valid claims might be stated. For example, Plaintiff states that he was assaulted by unidentified corrections officers presumably because he filed this action.

For these reasons, the Court finds that Plaintiff should be afforded one final opportunity to file a Third Amended Complaint before this action is dismissed. As a result, although Plaintiff's Second Amended Complaint is dismissed, Plaintiff is afforded leave to file, within thirty (30) days from the date of this Decision and Order, a Third Amended Complaint that states a claim upon which relief can be granted. Plaintiff is advised that he must assert all the claims that he wishes this Court to consider in his Third Amended Complaint, and that he must provide

factual allegations in support of these claims.  In his Third Amended Complaint Plaintiff may not incorporate by reference claims and/or factual allegations previously set forth in any of his numerous filings.

     **ACCORDINGLY**, it is

     **ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 41) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

     **ORDERED** that Defendant Cecot's motion to dismiss (Dkt. No. 36) is **GRANTED**; and it is further

     **ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 15) is **DISMISSED**; and it is further

     **ORDERED** that the Clerk of the Court shall **STRIKE** from the docket Plaintiff's Third Amended Complaint (Dkt. No. 43), as violative of Fed. R. Civ. P. 15(a)(2); and it is further

     **ORDERED** that this action shall be closed, without further order of the Court **unless**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files a Third Amended Complaint that states a claim upon which relief can be granted.  In the event that the Plaintiff files a Third Amended Complaint within thirty (30) days from the date of this Decision and Order, the clerk is directed to return the file to the Magistrate Judge for further review.

Dated:   September 14, 2011
           Syracuse, New York

                                                Hon. Glenn T. Suddaby
                                                U.S. District Judge